# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Casey McDaniel<br>9514 Shetland Court<br>San Antonio, TX 78254<br><br>　　　Plaintiff,<br><br>v.<br><br>United Collection Bureau, Inc.<br>5620 Southwyck Blvd, Suite 206<br>Toledo, OH 43614<br><br>　　　Defendant. | CASE NO.:<br><br>JUDGE:<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because Defendant resides in this district under 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

1

8. Plaintiff filed this claim within the time frame permitted under the FDCPA.

9. On or around November 12, 2007, Defendant left a voice message on Plaintiff's wireless phone.

10. On or around November 12, 2007, Defendant left a voice message on Plaintiff's home phone.

11. The answering machines on both Plaintiff's wireless phone and residence phone clearly indicate that they belong to Plaintiff.

12. On or around November 12, 2007, despite having Plaintiff's location information, Defendant telephoned Plaintiff's mother ("Mother").

13. During this communication, Defendant asked for Plaintiff and Mother informed Defendant that Plaintiff did not live there.

14. During this communication, Defendant asked Mother if Mother was an attorney representing Plaintiff.

15. During this communication, Mother asked Defendant not to call there anymore and, in response, Defendant rudely told Mother to "go to hell" and then abruptly hung up the telephone.

16. On or around November 12, 2007, during a communication regarding Plaintiff's debt, Plaintiff informed Defendant that Plaintiff did not appreciate Defendant calling and speaking to Mother in an abusive manner.

17. In response to Plaintiff's statement, Defendant denied any wrongdoing during Defendant's conversation with Mother.

18. During this communication, Defendant stated that Plaintiff needed to make a decision whether Plaintiff would pay the debt; otherwise Defendant would take Plaintiff to court.

19. At the time of the communications referenced above, Defendant had neither the intention nor the ability to sue Plaintiff to recover the debt.

20. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

21. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT EIGHT

### Invasion of Privacy by Intrusion upon Seclusion

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

38. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

39. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

40. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

41. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## **JURY DEMAND**

42. Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

43. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

    c. For such other legal and/or equitable relief as the Court deems appropriate.

       RESPECTFULLY SUBMITTED,

       Macey & Aleman, P.C.

       By: /s/ Jeffrey S. Hyslip
         Jeffrey S. Hyslip
         Bar # 0079315
         Attorney for Plaintiff
         20 W. Kinzie Street, Suite 1300
         Chicago, IL 60610
         Telephone: 866-339-1156
         Email: jsh@legalhelpers.com